UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Armande L. Milhouse,<br><br>               Plaintiff,<br><br>v.<br><br>Warden Nickerenz; Lt. Johnson; Lt. Wilson; Ofc. Holm; Federal Prison Camp Duluth; and Federal Bureau of Prisons,<br><br>               Defendants. | Case No. 15-cv-2508 (MJD/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

      Plaintiff Armande L. Milhouse filed this action on May 20, 2015. Because Milhouse is a federal prisoner seeking redress from governmental employees, his complaint was subject to screening under 28 U.S.C. § 1915A. This Court conducted the necessary screening and allowed the matter to proceed, although it noted that because Milhouse was not proceeding *in forma pauperis*, he would personally be responsible for effecting service of process within 120 days of the date the complaint was filed. (Order at 1 [Doc. No. 2] (citing Fed. R. Civ. P. 4(m)).) Milhouse was again reminded by this Court in an Order dated June 16, 2015, of his responsibility to effect service of process within 120 days of the date the complaint was filed. (Order at 1 [Doc. No. 7].)

      More than 120 passed without an answer or other responsive pleading from the defendants. In addition, it appeared from the documents filed by Milhouse with the Court that service of process had not been effected in accordance with Rule 4(i) of the Federal

Rules of Civil Procedure.[1]  (*See* Order at 2-3, Nov. 10, 2015 [Doc. No. 11].) Accordingly, on September 17, 2015, this Court directed Milhouse to file proof of legally sufficient service of the summons and complaint within 10 days, failing which this matter would be recommended for dismissal without prejudice for failure to prosecute. (Order at 2 [Doc. No. 10].)

Milhouse failed to respond to the September 17 Order.  However, because the Court learned that Milhouse had recently been transferred to a different federal facility, the Court did not recommend dismissal of this action for failure to prosecute at that time, as Milhouse may not have been aware of the Court's previous orders.  Instead, in an Order issued on November 10, 2015, the Court explained the procedural history of this case in depth and allowed Milhouse an additional opportunity to submit proof that he had effected service of process in a manner consistent with Federal Rule of Civil Procedure 4(i) by no later than December 10, 2015.  (*See* Order at 6 [Doc. No. 11].)  The Court also directed that the September 17 and November 10, 2015, Orders be mailed to each of Milhouse's known addresses, and emphasized that failure to provide proof of service by

---

[1] Rule 4(i) governs service on the United States, its agencies, and federal employees. Because Milhouse brought suit against the individual Defendants only in their official capacities, he effectively brought suit only against the federal government itself. (*See* Order at 5, Nov. 10, 2015 [Doc. No. 11] (citing *Winnett v. Saline Cnty. Jail*, 372 F. App'x 688, 690 (8th Cir. 2010) (per curiam)).)  Milhouse did not comply with Rule 4(i) in serving, or even attempting to serve, the United States.

2

December 10, 2015, would result in a recommendation that the matter be dismissed without prejudice for failure to prosecute. (*Id*. at 5.)

Almost a month has passed since the December 10, 2015, deadline, and still the Court has not received proof of legally sufficient service of process or otherwise heard from Milhouse. Accordingly, this Court now recommends, in accordance with its prior orders, that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

In the alternative, dismissal of this action without prejudice is warranted at this time under Rule 4(m), which requires that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[2] Over 200 days have passed since the complaint in this action was filed. Milhouse has not effected service of process in a manner consistent with Rule 4, and he has not demonstrated good cause for his failure to do so. Moreover, Milhouse has been repeatedly warned of the deficiencies in service and

---

[2] Rule 4(m) was recently amended to allow 90 days for service. At the time Milhouse filed his complaint, however, Rule 4(m) allowed 120 days for service.

yet has not taken steps to move this case forward.  Dismissal of this action without prejudice is therefore warranted at this time.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** under Federal Rule of Civil Procedure 41(b) or, in the alternative, under Federal Rule of Civil Procedure 4(m).

Dated: January 5, 2016                             *s/ Hildy Bowbeer*
                                                   HILDY BOWBEER
                                                   United States Magistrate Judge

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.